UNITED STATES DISTRICT COURT
EASTER DISTRICT OF LOUISIANA


| | |
|---|---|
| LARRY A. BRINGOL, and<br>SHARON BRINGOL | CIVIL ACTION |
| VERSUS | NO. 06-9987 |
| AMERICAN NATIONAL PROPERTY<br>AND CASUALTY COMPANY | SECTION "K"(2) |

## ORDER AND OPINION

Pending before the Court are the "Motion to Enforce Settlement Agreement and for Damages and Penalties Pursuant to La. R.S. 22:1220"(Doc. 13) and the "First Supplemental Motion and Amending Motion to Enforce Settlement Agreement and for Damages and Penalties Pursuant to La. R.S. 22:1220" (Doc. 17) filed on behalf of plaintiffs Larry and Sharon Bringol. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the motions to enforce settlement agreement as moot and denies the motions for penalties.

### BACKGROUND

On August 29, 2005, American National Property and Casualty Company ("American National") provided homeowner's insurance, including coverage for damage to contents and payment of additional living expenses, on the house owned by Larry and Sharon Bringol located at 7521 Sheffield Street in New Orleans. The house and the Bringol's personal property sustained damages as a result of Hurricane Katrina. The Bringols filed suit against American National Property and Casualty Company in a Louisiana state court seeking to recover their losses under their homeowner's policy. American National removed the Bringol's suit to federal court.

Subsequent to the removal, the parties settled plaintiffs' claims for $60,000.00, representing

$45,000.00 for damages to personal property and $15,000.00 for loss of use/additional living expenses. On February 18, 2008, counsel for defendant confirmed the amount of the settlement in writing to counsel for plaintiff and confirmed "as we discussed during the conference, the consent of the Road Home Program to this settlement will have to be obtained . . .We ask that you please confirm this agreement by signing below and returning the same to us by fax." (Doc. 13-4). Counsel for plaintiff acknowledged the letter on February 26, 2008. (Doc. 13-4). Counsel for plaintiffs had his clients execute the consent forms for submission of the settlement to the Road Home Program.

When counsel for plaintiff did not receive the settlement funds or the settlement documents including the releases by March 26, 2008, he wrote to counsel for American National concerning its failure to provide the funds and documents necessary to execute the settlement. On March 27, 2008, counsel for American Nation delivered the settlement documents and two checks[1] together with a letter stating in pertinent part that:

> It is our understanding that your clients received monies from the Road Home and executed the Road Home subrogation agreement. Your client is therefore required to obtain the consent of and release from the Road Home for this settlement.
>
> In order to obtain the approval of the Road Home for settlement, certain forms must be submitted. These forms cannot be submitted at this time. The insurance defendants in the Attorney General lawsuit have filed a Motion for Protective Order, which motion is presently under consideration. Once the protective order is entered and all necessary provisions complied with, the forms and documentation can be submitted to the Road Home for approval

---

[1] The checks were in the amounts of $45,000.00 and $15,000.00. The check in the amount of $45,000.00 was made payable to "Larry Bringol and Sharon Bringol and their attorney, George F. Reiss, and the United States Small Business Administration." The other check was made payable to "Larry Bringol and Sharon Bringol and their attorney, George F. Reiss."

and consent.

(Doc. 13-7). Counsel for defendant also asked plaintiffs' counsel to "hold the funds in trust until all documents are executed." (Doc. 13-7).

Following receipt of that letter, plaintiffs' counsel filed the motion for enforcement of the settlement and for damages and penalties pursuant to La. Rev. Stat. 22:1220 for failing to pay the settlement within thirty (30) days after an agreement is reduced to writing. Plaintiffs later supplemented and amended their motion to seek penalties and attorneys fees pursuant to La. Rev. Stat. 22:658A(1) alleging that defendants failed to pay plaintiffs' claim within thirty (30) days and also for defendant's alleged intentional delay of more than three calendar days in paying the check after presentation for collection of the check or draft issued in settlement of the claim.

Following the filing of the motion to enforce settlement, counsel for plaintiffs advised the Court that approval for the settlement had been approved by the Road Home program and therefore the motion to enforce the settlement was moot. Accordingly, the motions to enforce the settlement are denied as moot.

## LAW AND ANALYSIS

The Court construes plaintiff's motion for damages as penalties under La. Rev. Stat. 22:§658 and §1220 as one for summary judgment. The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of

a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Mere allegations or denials in the non-movant's pleadings are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e)(2). The nonmoving party must come forward with "specific facts showing a genuine issue for trial." *Id.*

Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Penalties Under La. Rev. Stat. 22:1220[2]

Louisiana Revised Statute 22:1220 provides that an insurer owes to its insured a duty of good faith and fair dealing and that knowingly "failing to pay a settlement withing thirty days after an agreement is reduced to writing" constitutes a breach of the duty of good faith and fair dealing. "In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed

---

[2] Effective January 1, 2009, La. Rev. Stat. 22:1220 was renumbered La. Rev. Stat. 22:1973. *See* Acts 2008, No. 415, §1. For ease of reference, the Court will cite to La. Rev. Stat. 22:1220.

two times the damages sustained or five thousand dollars, whichever is greater. La. Rev. Stat. 22:1220 C. Plaintiffs seek a penalty of $5,000 contending that American National failed to pay the settlement withing thirty days of February 18, 2008, the date the settlement was reduced to writing. Defendant contends that the thirty day period began to run on February 26, 2008, the date plaintiffs' counsel signed the letter acknowledging the settlement agreement, and therefore their tender of the settlement checks and releases on March 27, 2008, twenty-nine days after plaintiffs accepted in writing the settlement offer, was timely.

"[T]he requirement that the agreement be reduced to writing necessarily implies that the agreement be evidenced by documentation signed by both parties." *Brasseaux v. Allstate Insurance Company*, 710 So.2d 826, 829 (La. App. 1st Cir. 1998). The settlement agreement at issue herein cannot be considered to have been "reduced to writing" as required by §1220 until February 26, 2008, when plaintiffs' counsel signed the February 1, 2008, letter from counsel for American National setting forth the terms of the settlement agreement. *See Id.* ("[a] letter by one of the parties setting forth their understanding of the agreement is not an agreement of the parties reduced to writing."). Because the thirty day period permitted under §1220 C did not begin to run until February 27, 2008, defendants' delivery of the settlement checks and releases on March 27, 2008, twenty-nine days later, constitutes timely delivery.

Moreover, the settlement agreement constitutes a contract between the parties. The written settlement agreement specifically provides that "the consent of the Road Home Program to this settlement will have to be obtained." That requirement constitutes a suspensive condition to the contract; the settlement agreement could not be enforced until the Road Home Program consented to the approval of the settlement. See C.C. art. 1767. Where an insurer tenders settlement checks

5

within the thirty (30) day period mandated in §1220, but a suspensive condition in the settlement agreement is not satisfied within that thirty day period, the insurer is not liable for penalties under §1220 for the failure to consummate the settlement with thirty days of the date the settlement agreement is reduced to writing. Therefore, plaintiffs' motion for penalties pursuant to La. R.S. 22:1220 is Denied.

Penalties Under La. Rev. Stat. 22:658[3]

Plaintiffs contends that they are entitled to penalties pursuant to Louisiana Rev. Stat. 22:658 because "[d]efendant is in default of the 30 day period for payment of any claim due any insured as provided in section A, subsection (I) of LA R.S. 22:658, the agreement to settle having been confirmed on February 18, 2008." Louisiana Revised Statute 22:658 A (I) obligates insurers[4] to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest." Nothing in that provision requires that the settlement proceeds be paid within thirty days as urged by plaintiffs. Moreover, it is clear that penalties are owed under §658 A for failure to make payment within thirty days after written agreement or settlement only when the insurer's breach of the obligation owed under the statute is "arbitrary, capricious, or without probable cause. La. Rev. Stat. 22;658 B(1). Plaintiffs have not urged that American National's alleged failure to timely pay the settlement is arbitrary, capricious, or without probable cause. Plaintiffs are not entitled to penalties pursuant to La. Rev. Stat.

---

[3] Effective January 1, 2009, La. Rev. Stat. 22:658 was renumbered La. Rev. Stat. 22:11892. *See* Acts 2008, No. 415, §1. For ease of reference, the Court will cite to La. Rev. Stat. 22:658.

[4] La. Rev. Stat. 22:658 A(1) exempts certain insurers from the provisions of that section. American National does not contend that it is exempt from the provisions of 22:658 A(1).

22:658A(1).

Plaintiffs also seek penalties pursuant to La. Rev. Stat. 22:658 C(2) which provides that "[n]o insurer shall intentionally or unreasonably delay, for more than three calendar days, exclusive of Saturdays, Sundays, and legal holidays, after presentation for collection, the processing of any properly executed and endorsed check or draft issued in settlement of an insurance claim." "The plain words of the statute provide the plaintiff with a remedy for intentional or unreasonable conduct by the insurance company delaying payment after presentment for more than three business days." *Davis v. Commercial Union Insurance Company*, 9 F.3d 103, 1993 WL 481710 at *2 (5th Cir. 1993). Plaintiffs do not contend that American National delayed payment of the checks after presentment of the checks, rather they challenge American National's requirement that all documents, including the Road Home Program's consent form for the settlement" be executed prior to presentment of the checks for collection. La. Rev. Stat. 22:658 C(2) is not applicable under these facts.

Because plaintiffs are not entitled to penalties under §658, the Court need not address plaintiffs' claim for attorneys fees under that statute.

New Orleans, Louisiana, this 17th day of March , 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE